IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEFFREY BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 115-090 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Jeffrey Bell appeals the decision of the Acting Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.  BACKGROUND**

Plaintiff applied for SSI on May 12, 2011. Tr. ("R."), pp. 21, 134-39, 141. Although Plaintiff was one month shy of his forty-seventh birthday at the time he applied for SSI, he was forty-nine years, three months and twenty-one days old on the date of the administrative hearing, and was forty-nine years, six months and nineteen days old at the time the

Administrative Law Judge ("ALJ') issued the decision currently under consideration. R. 25, 30, 31, 53, 134.

Plaintiff applied for disability benefits based on sciatica, arthritis in the low back and neck, dyslexia, learning disability, high blood pressure, and back pain. R. 87. Plaintiff did not complete high school and reported taking special education classes, but he eventually obtained his GED. R. 25, 69, 82. Plaintiff does not have any qualifying past relevant work as defined in the social security regulations. R. 29, 87.

The Social Security Administration denied Plaintiff's application initially, R. 77-87, and on reconsideration, R. 89. Plaintiff requested a hearing before an ALJ, R. 98-100, and the ALJ held a hearing on September 25, 2013. R. 47-76. At the hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel, as well as from Carroll H. Crawford, a Vocational Expert ("VE"). Id. On December 23, 2013, the ALJ issued an unfavorable decision. R. 18-35.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 12, 2011, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease, coronary artery disease, hypertension, dysthymic disorder, antisocial personality disorder, polysubstance abuse, and borderline intellectual functioning (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a)[1] except he can only

---

[1] "Sedentary work" is defined as:
lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often

2

> occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. The claimant is able to perform simple tasks, but no detailed or complex tasks. He is able to perform a low stress job, which I have defined as requiring occasional decision-making, occasional adaptation to change in a work setting, and no high production tasks such as high volume assembly line work. The claimant can have superficial contact with the public, but should not perform work that requires customer service, sales, or counter work. He can work in proximity to others, but would perform best in more solitary work tasks. The claimant has no past relevant work. (20 C.F.R. § 416.965).
>
> 5. The claimant was 46 years old, which is defined as a younger individual age 45-49, on the date the application was filed, has a limited education, and does not have transferable job skills based on the finding of no past relevant work. (20 C.F.R. §§ 416.963, 416.964 and 416.968.) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)), including assembler, bench hand worker, and nut sorter. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since May 12, 2011, the date the application was filed (20 C.F.R. § 416.920(g)).

R. 23-31.

Plaintiff requested review by the Appeals Council ("AC"), arguing that because the ALJ's decision was issued within six months of Plaintiff's fiftieth birthday, the Medical-Vocational Guidelines (the "Grids") indicated he should have been found to be disabled. R. 271-72. When the AC denied Plaintiff's request for review on April 22, 2015, Plaintiff was fifty years, ten months and eighteen days old. R. 1-5, 134. The AC's denial made the Commissioner's decision "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because

---

> necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

the ALJ failed to: (1) consider whether this was a borderline age case that required application of the Grids and a finding of disability; (2) properly evaluate the medical opinions of record; (3) properly evaluate Plaintiff's subjective complaints; and (4) present a valid hypothetical to the VE. See doc. no. 18 ("Pl.'s Br."); doc. no. 23 ("Pl.'s Reply Br."). The Commissioner maintains: (1) this is not a borderline age case requiring application of the Grids, and (2) the ALJ's decision is supported by substantial evidence. See doc. no. 22 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds

4

substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Because of the Court's evaluation of the ALJ's consideration of the Grids issue is dispositive, the Court confines its review to application of the age criteria. As described above, at step four of the sequential evaluation process, the ALJ determined Plaintiff had no past relevant work and an RFC for sedentary work, with additional limitations. R. 25. Thus, the burden shifted to the Commissioner at the fifth step to show the existence of other types of substantial gainful employment Plaintiff could perform given his age, education, previous work experience, and RFC. See Phillips v. Barnhart, 357 F.3d 1232, 1238-39 (11th Cir. 2004). To make this determination, the ALJ may apply the Grids or consult a VE. Id. at 1239-40. The Grids "consist of a matrix of the four factors identified by Congress – physical

5

ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant number in the national economy." Heckler v. Campbell, 461 U.S. 458, 461-62 (1983). The Grids direct a determination on disability when a claimant's circumstances coincide with the criteria of a particular rule listed in the Grids. Id. at 462; Rule 200.00(a), 20 C.F.R. Pt. 404, Subpt. P, App. 2.

Under the applicable regulations, if a claimant is under the age of fifty, he is considered a "younger person"; a claimant who is fifty to fifty-four years old is "closely approaching advanced age." 20 C.F.R. §§ 416.963(c) and (d). The regulations further provide, "We will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. § 416.963(b). "Generally, advancing age is considered to be an increasingly limiting factor in a claimant's ability to adjust to other work." McShane v. Comm'r of Soc. Sec., No. 8:15-cv-677, 2016 WL 836690, at *3 (M.D. Fla. Mar. 4, 2016). For example, although age is not generally considered to impact a younger person's ability to adjust to other work, "age, along with a severe impairment and limited work experience, may seriously affect a person closely approaching advanced age." Id. Thus, under the Grids, age may have a substantial effect on the disability determination and should be given individualized consideration in each case. See Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984).

Moreover, the age categories will not be applied mechanically in a borderline situation. McShane, 2016 WL 836690, at *4; 20 C.F.R. § 416.963(b). "A borderline situation exists where there would be a shift in results under the Grid caused by the passage of a few days or months." Roark v. Comm'r of Soc. Sec., No. 6:14-cv-84, 2015 WL

1288140, at *3 (M.D. Fla. Mar. 20, 2015). However, "[t]here is no precise definition of a borderline situation in the statutes, regulations, or binding case authority." McShane, 2016 WL 836690, at *4. Yet, there does appear in the federal courts to be some general coalescence around the six month mark from the older age category as falling within a borderline situation. Id. at * 5 (citing collection of cases in Pettway v. Astrue, No. CA 110-127-C, 2010 WL 3842365, at * 3 (S.D. Ala. Sept. 27, 2010)).

Plaintiff was born on June 4, 1964, and thus was forty-nine years, six months and nineteen days old when the ALJ issued her decision on December 23, 2013. At the time the AC denied review, Plaintiff was fifty years, ten months and eighteen days old. At step five in her decision, the ALJ classified Plaintiff as a younger individual, based on his age – forty six - at the time his application was filed. R. 30. At one other place in her decision, the ALJ recognized Plaintiff was forty-nine years old, R. 25, but that was in her step four discussion when she was determining Plaintiff's RFC, not in her consideration at step five of whether there are jobs in the national economy Plaintiff can perform. R. 25. The ALJ never acknowledged this is a borderline case, and the decision contains no indication this is a borderline case or analysis on whether it would be appropriate to classify Plaintiff as closely approaching advanced age. To the contrary, the ALJ appears to have based her decision on Plaintiff's age at the time of his application, not the time of the ALJ's decision.

Plaintiff also appears to contend that just by entering the borderline area, he should have been mechanically moved to the higher age category and thus designated as disabled. See Rule 201.10 (claimant closely approaching advance age, limited to sedentary work, with limited education and non-transferability of work skills is disabled). The Commissioner counters, ignoring the ALJ's reference to Plaintiff's age as forty-six in the step five analysis

7

and without any case law addressing how far the borderline time period may stretch, Plaintiff's case did not present a borderline age situation. Furthermore, even if this is a borderline situation, the Commissioner contends Plaintiff failed to present any reason why he should have been considered an individual closely approaching advanced age. Comm'r's Br., pp. 14-15.

The Court rejects Plaintiff's argument for a mechanical application of the higher category, as well as the Commissioner's attempt to relieve the ALJ of her burden to show she made an individualized determination about the proper age category. "[T]here must be, at a minimum, some showing that the ALJ considered the overall factors in the claimant's case, including age and other vocational factors, before applying a particular age category." McShane, 2016 WL 836690, at *5. That did not happen here, and therefore, the case should be reversed and remanded. The Commissioner does not refute that had Plaintiff been classified as a person approaching advanced age, the Grids direct, based also on an RFC for sedentary work, education and non-transferability, a finding of "disabled." Rule 201.10, Pt. 404, Subpt. P, App. 2. Rather she faults Plaintiff for failing to offer any reason "why he should have been mechanically placed in the older age category." Comm'r's' Br., p. 14. But that misstates the burden that the ALJ must consider whether to use an older age category and make some showing that she considered the overall factors in the case, including age. 20 C.F.R. § 416.963(b). Here, in apparent contravention of the rule that age must be considered throughout the period for which disability must be determined, id., the ALJ appears to have considered only Plaintiff's age at the application date. R. 30.

The ALJ's error is prejudicial because, as set forth above, the Grids direct a disability finding for a person closely approaching advanced age, with other characteristics already

8

identified by the ALJ as existing for Plaintiff. The Court's recommendation for remand should in no way be construed as a comment as to which age category should be applied or whether Plaintiff is disabled as defined by the Social Security Act. However, the case should be remanded for consideration of the overall factors in Plaintiff's case before applying a particular age category to any portion of the time period for which Plaintiff seeks SSI. Because of the recommendation for remand based on the age category issue, the Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 21st day of June, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA